UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE BANK OF NEW YORK, TRUSTEE | : | |
| FOR BS ALT A 2005-9 | : | CIV. ACT. NO.: 3:10-cv-0508(SRU) |
|     Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| SONJA V. BELL | : | |
| JONATHAN BELL | : | |
| MORTGAGE ELECTRONIC | : | |
| REGISTRATIONS SYSTEMS, INC., AS | : | |
| NOMINEE FOR ALTARA HOME | : | |
| MORTGAGE, LLC | : | |
|     Defendants | : | May 24, 2010 |

**OBJECTION TO MOTION TO REMAND**
**MEMORANDUM OF LAW IN SUPPORT OF FEDERAL COURT**
**JURISDICTION**

Bank of New York Trustee for BS Alt A 2005-9 ("BNY") submits this

Memorandum of Law in support of its Removal of these claims to the District Court and

its Objection to the Motion for Remand filed by Jonathan Bell.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Sonja Bell acquired title to 54 Main Street, South Glastonbury ("the property") by

a Trustee's Deed from Robert D. Brooke and Barbara D. Brooke, Trustee of the Brooke

Family Trust, on February 24, 2004 for $108,790 ("Brooke Trustee deed") Exhibit "A."

The Brooke Trustee deed contains warranty covenants "against all claims and demands

whatsoever, except as hereinbefore mentioned." There is no mention of any interest of

Jonathan Bell. On June 17, 2005, Sonja Bell ("Borrower"), executed a $650,000 note and

first mortgage originally in favor of Altara Home Mortgage, LLC. The mortgage was

secured by the property.  Exhibit "B."  On the same date, the Borrower also executed a

note and second mortgage to Altara Home Mortgage, LLC in the principal amount of

$148,000.00. At the time of the closing, the property was owned by the Borrower only. At no point in time subsequent to the closing has the record ownership of the property changed. The mortgage financing transaction was a refinance, and all of the equity was drained from the property. Sonja Bell walked away from the closing with two checks for a total of about $170,000, all of which occurred with the consent of her husband, who attended the closing.

The $650,000 mortgage loan became delinquent for nonpayment. In September, 2007, BNY filed a mortgage foreclosure action in the Hartford Superior Court against the Borrower, claiming a default. Jonathan Bell was not named as a party to the foreclosure action by BNY.

The Borrower hired counsel, who filed an Answer, Defense and Counterclaim. This Court may take Judicial Notice of the Answer, Defense, under Fed. R. Ev. 201. Exhibit "C." BONY filed a Motion for Summary Judgment, which was granted by the Court on May 5, 2008. This Court may take Judicial Notice of the order based upon the transcript attached hereto as Exhibit "D," under Fed. R. Ev. 201. As will be more fully set forth below, the hearing in support of the Motion for Summary Judgment was uncontested. The Borrower did not submit any affidavits or memoranda in opposition to the motion for summary judgment. In fact, the Superior Court decided the motion based upon the absolute failure of the Borrower to respond to the motion. As will be set forth below, these facts are significant because no hearing on an "issue of fact" occurred at this pretrial stage, meaning that BNY had the right under C.G.S. §52-80 to withdraw the action without permission from the Superior Court.

2

Thereafter, BNY obtained a judgment of strict foreclosure on June 10, 2008. The Court found the value of the property to be $634,000 and the first mortgage debt to be $726,602.68, plus attorneys' fees and costs. The first law day was set for July 28, 2008. This Court may take Judicial Notice of the Judgment under Fed. R. Ev. 201. Exhibit "E." On July 28, 2008, the Borrower filed a Chapter 13 Bankruptcy petition, to stay the running of the law days. Exhibit "F." The Chapter 13 petition identified the first mortgage as a secured claim and identified the current servicer of the first mortgage "ASC," an acronym for "America's Servicing Company," a division of Wells Fargo. BNY filed a proof of claim in the bankruptcy regarding its first mortgage interest. There was no objection to the proof of claim. This Court may take Judicial Notice of the Claims Register in the bankruptcy under Fed. R. Ev. 201. Exhibit "G." Later, a proposed plan of reorganization was filed, which identified that payments would be made on the first mortgage to ASC. This Court may take Judicial Notice of the proposed plan of reorganization under Fed. R. Ev. 201. Exhibit "H." Thereafter, the chapter 13 bankruptcy was dismissed, and BONY proceeded in the Superior Court to re-enter a judgment of strict foreclosure with a February 9, 2009 law day.

The Borrower, prior to her assigned law day, filed a motion to extend the law days, which the Superior Court granted. On or about February 11, 2009, the Borrower filed a Motion to Dismiss, claiming a lack of subject matter jurisdiction. In sum and substance, the Motion to Dismiss claims that BNY has no interest in the note. Based upon the pending Motion to Dismiss, the Court, (Satter, J.), *vacated the judgment* on April 23, 2009. This Court may take Judicial Notice of the Superior Court order which vacated the judgment under Fed. R. Ev. 201. Exhibit "I."

3

A series of hearings and discovery orders entered regarding the Borrower's Motion to Dismiss, claiming an absence of subject matter jurisdiction. Ultimately, BONY filed a withdrawal of the foreclosure complaint only in January, 2010, leaving intact the ruling granting summary judgment on the Borrower's counterclaim. This Court may take Judicial Notice of the withdrawals under Fed. R. Ev. 201.  Exhibit "J." An Objection to the Withdrawals was filed, and the Court (Satter, J.), heard argument on January 29, 2010, but did not issue a decision, due to a request that Judge Freed clarify the scope of the summary judgment ruling, which occurred on March 2, 2010. Exhibit "K".

On March 4, 2010, Jonathan Bell, who had filed a Motion to Intervene in the mortgage foreclosure in July 2009 based upon a "resulting trust" theory, filed the current claims against BNY. On March 31, 2010, BNY filed a Notice of Removal.  On April 23, 2010, the Superior Court (Satter, J.), held a hearing in which, after reaching the conclusion that he had no subject matter jurisdiction to proceed, issued his perception that a hearing on an issue of fact had occurred on the summary judgment proceedings, which occurred before Judge Freed.

## II.    LAW AND ARGUMENT

Modern federal appellate jurisprudence identifies that under 28 USC 1441(a), facts with respect to federal jurisdiction are not measured solely at the time a notice of removal is filed, and can be cured at a later date. Moffit v. Residential Funding, et al., 2010 US App. LEXIS  9092. In Moffitt, the plaintiff's filed individual complaints in Maryland state court against various financial institutions. After filing the cases, counsel for the plaintiffs' sent to defendants' counsel drafts of three amended class action complaints and a letter that stated the plaintiffs intended to amend their complaints into

4

class actions. Upon receiving these documents, and before the complaints were actually filed, defendants removed the cases to federal court. Later, plaintiffs filed final versions of their amended complaints in federal court and then sought to remand the cases to state court, arguing that federal court jurisdiction did not exist at the time of the removal. The district court denied the plaintiffs' motion for remand, and the 4th Circuit Court of Appeals affirmed.

The <u>Moffitt</u> holding explains that considerations of judicial economy are relevant and applicable to the issue of allowing a defect at the time of removal to be cured at a subsequent time in the litigation. <u>Barbara v. NY Stock Exch., Inc.</u>, 99 F. 3d 49, 56 (2nd Cir. 1996). Accordingly, this Court is not confined to the procedural status of this case as of the date of the filing of the Notice of Removal. As will be more fully set forth below, BNY had no claim pending as a matter of law at the time Jonathan Bell filed his "counterclaims". The label "counterclaims" is not dispositive, as the procedural alignment of the parties at that time was that BNY had no claims pending, having withdrawn its complaint. Second, BNY's complaint never alleged claims against Jonathan Bell. Therefore, when Jonathan Bell filed his "counterclaims," they were affirmative claims against a party that had never sued him. A District Court must determine the propriety of the removal of a case only after it has realigned the parties according to their actual interests in the suit. <u>City of Indianapolis v. Chase National Bank</u>, <u>314 U.S. 63, 62 S. Ct. 15, 86 L. Ed. 47 (1941)</u>; <u>Removal Cases, 100 U.S. 457, 25 L. Ed.</u> <u>593 (1879)</u>; <u>Sands v. Geller, 321 F. Supp. 558 (S.D.N.Y.1971)</u>; <u>First National Bank of</u> <u>Chicago v. Motolla, 302 F. Supp. 785 (N.D.Ill.1969)</u>. The Court is not bound by the technical form of the state court proceeding, <u>City of New York v. Evigo Corp., 121 F.</u>

Supp. 748, 750 (S.D.N.Y.1954), but is obligated to ascertain the underlying substantive interests of the parties in dispute and arrange the parties according to their actual interest in the controversy. City of Indianapolis v. Chase National Bank, *supra*; Helm v. Zarecor, 222 U.S. 32, 32 S. Ct. 10, 56 L. Ed. 77 (1911). The starting point for examining the meaning of the term "defendant" in 28 USC 1441 is a question of federal law and does not turn on how the party seeking removal is characterized under state law. Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc., 563 F. Supp. 1108, 1113 (N.D. Ill. 1983); Chicago, Rock Island & Pacific Railroad Co. v. Stude, 346 U.S. 574, 579-80, 98 L. Ed. 317, 74 S. Ct. 290 (1954), is West v. Aurora City, 73 U.S. (6 Wall.) 139, 18 L. Ed. 819 (1867).

> **A.** **Removal to This Court is Proper Because Under C.G.S. §52-80, BNY Did Not Have a Claim Pending as a Matter of Law at the Time of the Removal.**

BNY's right to remove this case to the District Court is governed by 28 USC 1441. The question squarely addressed is whether the filing of the withdrawal by BNY means that it is no longer a "plaintiff" but becomes a "defendant" under 28 USC 1441. It is clear that removal under that 28 USC 1441 is not permitted if the removing party sued a defendant in state court and was then met with a counterclaim by the very defendant it had sued in that court.  BNY, however, never filed suit against Jonathan Bell[1]. Second, BNY, as a matter of law, did not have a claim pending at the time of the removal because of the filing of the withdrawals.

Withdrawal of a civil claim is governed by C.G.S. §52-80, which provides:

> "If the plaintiff, in any action returned to court and entered in the docket, does not, on or before the opening of the court on the second day

---

[1] Jonathan Bell filed a Motion to Intervene in 2009 in the foreclosure action, which was granted over objection. The complaint was never amended to reflect any interest of Mr. Bell.

thereof, appear by himself or attorney to prosecute such action, he shall be nonsuited, in which case the defendant, if he appears, shall recover costs from the plaintiff. The plaintiff may withdraw any action so returned to and entered in the docket of any court, before the **commencement of a hearing on the merits** thereof. After the commencement of **a hearing on an issue of fact** in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of court for cause shown."

"The right of a plaintiff to withdraw his action before a hearing on the merits, as allowed by C.G.S. §52-80, is absolute and unconditional." Housing Authority v. Hird, 13 Conn. App. 150, 157 (1988). There are only two categories of proceedings in this matter that could be considered to satisfy a "commencement of a hearing on the merits" or a hearing on an "issue of fact": (1) the hearings with regard to subject matter jurisdiction on BNY's complaint and (2) the hearing on BNY's interlocutory motion for summary judgment as to liability only. Neither of these categories of proceedings limit BNY's rights of withdrawal.

## 1. Hearings on a Motion to Dismiss are not Hearings on the Merits.

A hearing on subject matter jurisdiction is not a hearing on the merits. In Isaac v. Mount Sinai Hospital, 210 Conn. 721 (1989), the Court flatly rejected any contention that a dismissal for lack of jurisdiction was an adjudication on the merits, stating:

"The defendants, Mt. Sinai Hospital, St. Francis Hospital and Richard B. Weltman next claim that the trial court's granting of the defendants' motion to dismiss for want of subject matter jurisdiction was equivalent to a trial on the merits. The defendants have cited no authority in support of their claim. "In determining whether a court lacks subject matter jurisdiction, the inquiry usually does not extend to the merits of the case. GHK Exploration Co. v. Tenneco Oil Co., 857 F.2d 1388, 1392 (10th] Cir. 1988); State v. S & R Sanitation Services, Inc., 202 Conn. 300, 301, 521 A.2d 1017 (1987); Rhodes v. Hartford, 201 Conn. 89, 92, 513 A.2d 124 (1986); Davis v. Board of Education, 3 Conn. App. 317, 320, 487 A.2d 1114 (1985)." Lampasona v. Jacobs, 209 Conn. 724, 728, 553

A.2d 175 (1989). In view of the defendants' failure to cite any persuasive authority to the contrary, we decline further review of this claim."

Further support for the proposition that hearings on subject matter jurisdiction are not hearings on the merits is found in the savings statute. Connecticut has a statute, commonly referred to as the savings statute, which allows for the re-filing of an action after a dismissal ... "for want of jurisdiction." C.G.S. §52-592(a).

> "Section 52-592 was originally enacted in 1862. In addition to certain other stated grounds, the first version of the statute permitted bringing a new action if "the writ fails of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed." The first case to construe the statute viewed it as remedial and applied it liberally. Johnston v. Sikes, 56 Conn. 589; see also Ross Realty Corporation v. Surkis, 163 Conn. 388, 393, 311 A.2d 74. In 1917, the statute was amended. The amendment added erasure for lack of jurisdiction as a distinct, independent and self-sufficient ground which could be used as the basis for commencing a new action. As it appears in the present statute, the clause relating to erasures for lack of jurisdiction is general and comprehensive, and neither embodies nor suggests dependency on or reference to any of the other enumerated grounds. The clauses in the statute which set forth the various grounds for commencing a new action appear in the disjunctive and provide alternate bases for instituting a new suit. By its very terms the statute expressly gives the plaintiff the right to bring another action within a year if the prior action was erased for want of jurisdiction."

> Broderick v. Jackman, 167 Conn. 96, 98-99 (1974)

Accordingly, any hearings involving subject matter jurisdiction were not hearings on the merits and cannot restrict the capacity of BNY to withdraw its case under C.G.S. §52-80.

## 2.     No Hearing on an Issue of Fact Occurred.

The phrase "issue of fact" under C.G.S. §52-80 means a trial[2]. Grimm v. Grimm, 74 Conn. App. 406 (2002). In Grimm, a marital dissolution action, the plaintiff withdrew

---

[2] Grimm seems to hold in a footnote that in contested family law cases, any hearings on pendent elite motions are hearings involving the merits of a case, but that distinction is not relevant in a foreclosure.

its case after having called its first witness for very brief testimony at trial. Plaintiff withdrew the action, without permission from the trial court. Immediately after filing the withdrawal, the plaintiff commenced a second action. The defendant sought to restore the first case to the docket, which was denied, and an appeal followed. The Appellate Court found that the beginning of the trial was a hearing on an "issue of fact" under C.G.S. §52-80, however, it affirmed the trial court judgment entered in the second case due to reasons of judicial economy. Specifically, the second case had already gone to judgment at the time the appeal was argued, and no practical relief was granted because of judicial economy.  In a mortgage foreclosure context, a hearing on an "issue of fact" occurs when the Court has entered a foreclosure judgment.  In a foreclosure action, a judgment is not final, and rights do not vest, until the form of the judgment has been entered, a debt has been found, and the law days have been set. City of Danbury v. Hovi, 34 Conn. App. 121 (1994). As will be set forth below, the hearing on BNY's interlocutory motion for summary judgment was uncontested.

At the hearing on BNY's interlocutory motion for summary judgment as to liability only in the Superior Court, Sonja Bell never opposed the motion. In fact, the following colloquy occurred on the record between the undersigned and Judge Freed on May 5, 2008:

> Mr. Milne: Your honor, I think that brings us to 145 which is a summary judgment take papers.
>
> The Clerk: You want it on the papers?
>
> Mr. Milne: Either one. It makes no difference.
>
> The Clerk: 145.

The Court: Are there any affidavits backing up all the stuff that he's given here? I don't see anything. Did he file-

Mr. Milne: Your Honor, I haven't seen-

The Court: no brief?

Mr. Milne: I have not seen any written objection with an affidavit.

The Court: that's strange.

Mr. Milne: I'm not saying he didn't file it. He could have filed it at five o'clock Friday afternoon. I just have not seen it.

The Court: He filed all these fancy defenses, and then he doesn't-

Mr. Milne: right.
The Court: Well, we'll probably hear from him. I'll grant the motion for summary judgment pursuant to Practice Book Section 11-10[3].

The May 5, 2008 hearing was not a hearing on an "issue of fact" under C.G.S.

§52-80. No evidence was presented, no opposing affidavits were filed, and case law

identifies that such pretrial proceedings are not hearings on an "issue of fact."  In Michael

Murray v. IBM Corporation, J.D. of Stamford/Norwalk, 1991 Conn Super LEXIS 436

(1991) (Katz,J.).  In IBM, the Court stated:

> "The court may and indeed is often obligated to decide questions of law raised as preliminary motions prior to trial; questions of fact, however, are generally reserved until time of trial. *See, e.g.*, P.B. Sec. 384 (Summary Judgments). The phrase "hearing on the merits" refers to the trial of the issues of fact raised by the complaint and "joined" by the answer to the complaint."

The IBM Court permitted a withdrawal of an action after several days of hearings

in the context of a motion to dismiss for lack of personal jurisdiction, and held that such

hearings did not involve a "hearing on the merits." In reaching that conclusion, the court

---

[3] Practice Book 11-10 states: A memorandum of law briefly outlining the claims of law and authority pertinent thereto shall be filed and served by the movant with the following motions and requests: ...(5) motions for summary judgment. Memoranda of law may be filed by other parties on or before the time the matter appears on the short calendar.

specifically stated that a ruling on a motion for summary judgment is not an "issue of fact" under C.G.S. §52-80. Similarly, in <u>AI Credit Corporation v. Gronski</u>, 2003 Conn. Super LEXIS 663 (2003), Judge Silbert held that no "issue of fact" is addressed when a motion for summary judgment is decided without opposition. Recently, the Appellate Court affirmed a withdrawal of an action after a motion for summary judgment was filed and admissions were served, but prior to oral argument on the motion. <u>Travelers Property Casualty Co. of America v. Twine</u>, 120 Conn. App. 823 (2010). The <u>Twine</u> case, however, was a tort action and the motion for summary judgment would have been dispositive of the case if granted. No such dispositive result occurs when an interlocutory motion for summary judgment is granted in a mortgage foreclosure.   <u>City of Danbury v. Hovi</u>, 34 Conn. App. 121 (1994).

These holdings are consistent with similar rulings in the context of prejudgment attachment hearings. A hearing on an application for prejudgment remedy is not a hearing on an "issue of fact." <u>EJ Hansen Elevator, Inc. v. Stoll</u>, 167 Conn. 623 (1975). Accordingly, withdrawing a complaint after evidence has been submitted at a hearing in support of an application for a prejudgment remedy is permitted under C.G.S. §52-80. <u>Colandrea d/b/a Bob's Landscaping v. Eastland Properties, Inc.</u>, 1992 Conn. Super LEXIS 2660 (McGrath,J.). "The adjudication made by the court on the application for a prejudgment remedy is not part of the proceedings ultimately to decide the validity and merits of the plaintiff's cause of action." <u>Augeri v. CF Wooding Co.</u>, 173 Conn. 426, 428 (1977). In this case, an interlocutory ruling in a foreclosure as to liability only is not a ruling on the merits, until a foreclosure judgment enters.

In short, the judgment hearing is the "trial" of an issue of fact in a mortgage

foreclosure, and in this case, that judgment was vacated by Judge Satter on April 23,

2009. This analysis is supported by the legislative history of C.G.S. §52-80.

> "Prior to the enactment in 1925 of what is now *§ 52-80 of the Connecticut General Statutes*, a plaintiff was permitted by statute to withdraw an action at any time before the jury had given a verdict. Although the earlier statutes gave very little guidance in court cases, "it was early recognized that some limitation must be placed upon the right of a plaintiff to withdraw non-jury cases otherwise it would always be in the power of the plaintiff to avoid a judgment against himself when he discovered how it would be rendered." Spears v. Kerars Realty Co., 171 Conn. 699 (1976).

It has been held that upon entry of a judgment, the right to withdraw expires.

Carvette v. Fidelity and Deposit Company of Maryland, 152 Conn. 697 (1964). This

authority identifies that the phrases "commencement of a hearing on the merits" and

hearing on an "issue of fact" under C.G.S. §52-80 address, absent exceptions not

applicable here, final judgments involving vested rights, not pretrial procedures,

particularly uncontested motions for summary judgment, of an interlocutory nature, in a

mortgage foreclosure.

### 3.    There is No Requirement that, Prior to Acting on a Withdrawal, that Pending Motions be Addressed.

The Defendants' Objection to the Withdrawal contends that any pending motions

are required to be adjudicated, based upon Ramin v. Ramin, 281 Conn. 324 (2005). This

argument is misplaced, and is unsupported by the holding. In Ramin, a dissolution of

marriage case, the matter was tried on the merits to the Court, and a final judgment

entered. The facts suggest that the husband concealed assets from the wife, which caused

the wife to file a series of motions to compel compliance with discovery, including a

motion for contempt. The trial court did not act on the wife's motion for contempt at all

during the trial of the case on the merits. On appeal, the wife argued that the trial court

abused its discretion in entering a final judgment on the merits, by not acting on the

pending motion for contempt, stating:

> Courts are in the business of ruling on litigant's contentions, and they generally operate under the rule essential to the efficient administration of justice, that where a court is vested with jurisdiction over the subject matter....and obtains jurisdiction over the person, it becomes its...duty to determine every question which may arise in the cause....

The Ramin Court's holding indicates that, generally speaking, when a case is tried

on the merits, resulting in a final judgment, and the court has both subject matter and

personal jurisdiction, all pending motions should be decided as part of that judgment.

In the present case, the Bells have contended that there is no subject matter

jurisdiction at all. Second, this case has not been decided on the merits in the form of a

final judgment. Third, Ramin never addressed the question squarely presented in this

case: whether pending motions are required to be decided after a withdrawal of a

complaint has been filed involving hearings related to subject matter jurisdiction. The

legislature, however, has answered this question in the negative in C.G.S. §52-80. There

is no language in C.G.S. §52-80 which in any way authorizes a Court to require, as a

condition precedent to permitting a withdrawal, that all pending motions be decided. It is

the law of this state that statutes are to be interpreted according to their plain and express

meaning.

> C.G.S. §1-2(z) provides as follows:

> "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

A plain reading of C.G.S. §52-80 is clear that there is no requirement that all pending motions be decided under any situation under the statute. This conclusion is also consistent with the holding in <u>Grimm v. Grimm</u>, 74 Conn. App. 406 (2002), in which a withdrawal was filed while pending motions existed, and the Appellate Court granted no relief due to this fact pattern, nor did it criticize the trial court for its failure to address pending motions. The trial court in <u>Grimm</u> held that the pending motions were moot, and the Appellate Court took no issue with that conclusion.

**B. Removal to this Court was Proper.**

As a "defendant" under 28 USC 1441, BNY was permitted to file a notice of removal in this matter. Moreover, the parties in the current case are diverse. BNY is a citizen of another state, and Jonathan Bell is a citizen of Connecticut. Mr. Bell is seeking damages in connection with a $650,000 mortgage loan which he claims was wrongfully foreclosed. As a consequence, the amount in controversy requirement has been satisfied. Therefore, the exercise of jurisdiction in this case comports with the requirements of 28 USC 1332. The removal petition in this case was also timely filed. Congress, as well as the Framers of the Constitution, created diversity jurisdiction to protect litigants from the prejudices they might encounter in state courts against citizens of foreign states. <u>Smith v. Metropolitan Prop. & Liab. Ins. Co.</u>, 629 F.2d 757, 761 n.7 (2d Cir. 1980); <u>Betar v. DeHavilland Aircraft of Canada, Ltd.</u>, 603 F.2d 30, 35 (7th Cir. 1979), *cert. denied*, 444 U.S. 1098, 62 L. Ed. 2d 785, 100 S. Ct. 1064 (1980); <u>In Re: Commonwealth Oil Refining Co.</u>, 596 F. 2d. 1239, 1247 n.17 (5th Cir. 1979), *cert. denied*, 444 U.S. 1045, 62 L. Ed. 2d 731, 100 S. Ct. 732 (1980). This policy is weighed against the general federal policy of

construing the removal statute narrowly. <u>Lupo v. Human Affairs International</u>, 28 F. 3d 269, 274 (2nd Cir. 1994).

The federal policy of not allowing a "plaintiff"[4] to file notice of removal because the language in 28 USC 1441 states plainly that only a defendant can remove is not violated when, long before the filing of any claims by an intervenor, the plaintiff withdraws its case. Examining case law addressing removal of third party claims is of assistance, because the undersigned has found no case law addressing the set of facts at issue in this proceeding[5]. Alignment of the parties is to be addressed in the context of considering a Motion for Remand. A District Court must determine the propriety of the removal of a case only after it has realigned the parties according to their actual interests in the suit. <u>City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S. Ct. 15, 86 L. Ed. 47 (1941); Removal Cases, 100 U.S. 457, 25 L. Ed. 593 (1879); Sands v. Geller, 321 F. Supp. 558 (S.D.N.Y.1971);  First National Bank of Chicago v. Motolla, 302 F. Supp. 785 (N.D.Ill.1969)</u>

"The old Supreme Court cases indicate that the purpose of the traditional rule is to protect plaintiff's choice of forum as long as he wants it protected." <u>Ford Motor Home Credit Company v.Aaron Lincoln Mercury,</u> 563 F. Supp. 1108, 1135 (1983), citing <u>Great Northern R. Co v. Alexander</u>, 246 U.S. 276 (1918). The argument that third party claims cannot be removed has been justified on two grounds: (1) it violates the plaintiff's choice of forum and 28 USC 1441 says nothing about third party defendants and their right of removal. These concerns were addressed and reconciled in favor of allowing removal of

---

[4] <u>Shamrock Oil</u>, 313 U.S. at 105.
[5] All of the cases which identify that a counterclaim may not be removed to the District Court by the plaintiff that chose state court do not address a material fact at issue here: what impact does the filing of a withdrawal of the state court claim have upon the capacity remove a claim filed by a party the original plaintiff never sued ?

a third party claim. Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc., 563 F. Supp. 1108, 1113 (N.D. Ill. 1983) (removal of third party claim allowed but original state law claim remanded). Some courts have justified removal jurisdiction over third party actions, arguing that a uniform statute such as §1441 should not give rise to different results depending on whether a given state permits the filing of third party complaints instead of forcing the filing of a separate, removable action. *See*, Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury, 622 F.2d 133, 135-36 (5th Cir., 1980); Wayrymen Funeral Home, Inc. v. J.G. Link & Co., 279 F. Supp. 803 (D. Mont. 1968); Industrial Lithographic Co. v. Mendelsohn, 117 F. Supp. 284, 286 (D. N.J. 1954). These same considerations are at play in the instant case.

Traditional notions of comity and respect for state court rulings are of substantially less concern where a plaintiff, based upon a prompt from a state court Judge, has withdrawn its action on the Court's suggestion, in the midst of hearings on a motion to dismiss, challenging subject matter jurisdiction. No such hearings involve the merits of a cause of action, so it cannot be argued that vested rights have been addressed or decided in the state court. CGS 52-592a.

WHEREFORE, the Motion for Remand should be denied.

> RESPECTFULLY SUBMITTED,
> THE DEFENDANT, THE BANK OF NEW
> YORK AS TRUSTEE
>
> By:   /s/ Geoffrey K. Milne
> Geoffrey K. Milne, Esq. (ct12854)
> Hunt Leibert Jacobson, P.C.
> 50 Weston Street
> Hartford, CT 06120

Phone: (860) 240-9140
Fax: (860) 240-9240
gmilne@huntleibert.com
Its Attorney

## CERTIFICATION

This is to certify that on May 24, 2010, a copy of the foregoing was filed

electronically and served by mail on anyone unable to accept electronic filing.  Notice of

this filing will be sent via e-mail to all parties by operation of the Court's electronic filing

system or by mail to anyone unable to accept electronic filing as indicated on the Notice

of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Additionally, a copy of the foregoing has been served by first class United States mail,

postage prepaid, on the following:

Guest & Associates
151 New Park Avenue
Hartford, CT 06106

Jonathan Bell
54 Main Street
South Glastonbury, CT 06073

Bendett & McHugh, P.C.
160 Farmington Avenue
Farmington, CT 06032

                                                  /s/ Geoffrey K. Milne
                                                Geoffrey K. Milne, Esq./ct 12854