UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| The Bank of New York as Trustee for BS ALT A 2005-9<br><br>v.<br><br>Sonja V. Bell, et. Al. | CASE NO: 3:10 CV 00508 (SRU)<br><br><br>May 24, 2010 |

## MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION TO REMAND

Defendant has filed an Amended Motion To Remand (Emergency Motion) pursuant to 28 USC §1446 and 28 USC §1447. The Defendant submits this Memorandum of Law to support said motion pursuant to Local Rules 7(a)1.

<u>Facts and Procedural History</u>

1.) Plaintiff brought a foreclosure action against Sonja Bell on September 12, 2007.

2.) Plaintiff was granted Summary Judgment on May 5, 2008.

3.) Plaintiff was granted a judgment in Strict Foreclosure on June 10, 2008.

1

4.) Before the law days vested, the Defendant, Sonja Bell, filed Chapter 13 Bankruptcy.

5.) Based on not having the necessary information and providing proof of credit counseling, the bankruptcy was dismissed.

6.) Plaintiff sought to reinstate the law days.

7.) On February 2, 2009, Defendant filed a Motion To Open and Set Aside The Law Days, which was granted by the Court.

8.) On February 13, 2009, Defendant filed a Motion To Dismiss the action based on a lack of subject matter jurisdiction and judicial esttopel;

9.) On February 24, 2009, Plaintiff filed an Objection To Motion To Dismiss;

10.)    On April 23, 2009, the State Court ordered an evidentiary hearing on the Motion To Dismiss;

11.)    On July 20, 2009, the State Court allowed the Co-Defendant to intervene as a full party to this action;

12.)    On January 8, 2010 and January 15, 2010, the Plaintiff filed Withdrawals to the action.

13.)    On January 15, 2010, Defendants filed an objection to the Withdrawal by the Plaintiff.

14.)    On January 29, 2010, the Court heard the Objection To Withdrawal and determined that the Plaintiff could not withdraw without permission of the Court.

15.)    On March 4, 2010, the Co-Defendant filed Answer, Special Defenses, and Counterclaims.

16.)    On March 31, 2010, the Plaintiff removed the action to federal court.

2

17.)　　On April 6, 2010, the Plaintiff in a letter to the Court alleged "the state court action was the subject of a withdrawal filed in January, 2010. Accordingly, no state law claims by the Bank of New York, Trustee were pending at that time."

18.)　　On April 14, 2010, in response to Plaintiff's Letter to the Court, Defendant sought remand sua sponte via Reply Letter to the Court.

19.)　　On April 29, 2010, the State Court believing that Plaintiff had remanded the Counterclaims to District Court required parties to appear so that the remaining motions in the case could be heard. Plaintiff informed the Court that the removal statue required the removal of the entire action. Further, Plaintiff alleged that the Court lack the authority to hear any motion, including enforcing any motions seeking enforcement of prior Court discovery orders, except the Defendant's Objection To Withdrawal. Defendant demonstrated through pleadings and letters of the Plaintiff that the Plaintiff had made false allegations in both Court's to achieve the desired results. The Court rebuked the Plaintiff's tactics and provided notice to be provided to the District Court that the case has not been withdrawn and the Plaintiff is attempting to remove the Counterclaims. (Exhibit B of Defendant's Motion for Extension of Time filed on 5/5/2010)

20.)　　On April 30, 2010, the District Court received the Defendant's Motion To Remand and the Motion To Remand was marked "filed" on May 3, 2010.

21.)　　Pursuant to Federal Rule of Civil Procedure 15(a)(1), the Defendants have sought to amend the Motion To Remand to include this memorandum of law, attach the Court's notice in transcript dated April 29, 2010, and to request emergency consideration.

3

Jurisdiction

The Court has jurisdiction to hear this Motion To Remand pursuant to 28 USC §1446
and 28 USC §1447 until such time as the Court remands the action to State Court.

Defendants Entitled To Relief

The Court is required by law pursuant to 28 USC §1447(c) to remand back to this action
state court at anytime it determines that it lacks subject matter jurisdiction to hear this
matter or within 30 days of removal based on defects in the removal procedure.

Plaintiff filed their notice of removal on 3-31-2010. The Defendants' motion to remand is
filed on 5-3-2010. Therefore, the Defendants' initial motion is timely and the Defendant's
are entitled to relief, if the grounds upon which relief is sought are appropriate. Further,
the Defendants' have filed this Memorandum of Law with the Amended Motion pursuant
to the time required under Rule 15(a)(1) of the Federal Rules of Civil Procedure.

Law and Argument

This case is a 2 ½ year old wrongful foreclosure case with approximately 178 or
more filings (Exhibit C), thousands of pages of transcripts, and dozens of Court Orders,
the Defendants hereby notifies the Court that the Plaintiff's basis for removing the case
is totally without merit and based on knowingly false and misleading statements to the
Clerk and the District Court. *The Bank of New York as Trustee for BS ALT A 2005-9 v
Sonja V Bell et. al.* case was not withdrawn. The original plaintiff of the original and

4

current action is attempting to remove the Co-Defendant's counterclaims to District
Court.

In addition to the fact the Plaintiff lacks an objective basis for removal as it has
chosen to bring the action in the Hartford Superior Court and is bound to it, the Plaintiff
has not followed the proper procedure for removal required under 28 USC 1446(a).
Further, the Plaintiff is seeking to use the procedural defects to gain advantage on the
Defendant as the Plaintiff was facing multiple sanctions and possible disciplinary
dismissal in state court, but has failed to bring those motions and orders to the federal
court's attention.

The Defendants will first addresses merits of the removal and then the Defendant
will address the procedural defects.

## Plaintiff Chose The Forum and Is Bound To It

Plaintiff's sole ground for removal is the false statement that the underlying case
has been withdrawn and therefore the Plaintiff suggests that the District Court should
realign the parties because essentially the Defendant's counterclaims are a new action.
If the underlying case was not withdrawn prior to filing the Counterclaims, using the
Plaintiff's logic, then the Plaintiff remains the original Plaintiff and the Plaintiff is
attempting to remove the Defendant's Counterclaims to federal court, even though the
Plaintiff commenced the action in state court.

While it is true that the Plaintiff filed a withdrawal, the State Court determined,
pursuant to Connecticut General Statutes §52-80, that the Plaintiff needed the Court's
permission to withdraw upon cause shown. The State Court, to this day, has not
granted the Plaintiff permission to withdraw. Hence, the entire basis for the removal is
without merit. This is not conjecture or opinion, but a metaphysical fact. On April 29,
2010, the State Court provided notice to the District Court regarding the status of the
case[1]. Further, prior to the removal to District Court, the transcript on the hearing on
withdrawal on January 29, 2010 demonstrates over a dozen times that the Court
determined that Plaintiff's withdrawal was not automatic and the State Court must grant
leave to withdraw for cause shown. (January 29, 2010 Hearing Tr. 4:11 – 13; Tr. 19:7 –
22:2; Tr. 32:1 – 13; Tr. 33, 4 – 6; Tr. 34: 4 – 11; Tr. 34: 16 – 18; Tr. 63: 8 – 20; Tr. 70:
19 – 27; Tr. 109: 21- 22; Tr. 110: 18 – 114: 4; Tr. 134: 9 – 18, Tr. 139:1 – 12, Tr. 139: 24
– 140:22, Tr. 141:5 – 7)

Furthermore, the Notice of Removal admits that the Plaintiff has not been granted the
right to withdraw (Paragraph 12). In fact, initially, the Plaintiff seeks adjudication of the
Defendant's Objection To Withdrawal. Further, Judge Satter was very clear that the
Plaintiff needed the State Court's permission to withdraw. The State Court throughout
the hearing informs the parties that the case had not been automatically withdrawn. In
fact at the end of the hearing, the State Court emphatically states (Tr. 134: 9 – 18)
(Exhibit A):

THE COURT: I don't find this relevant.

MR. BELL: Oh, you don't find it relevant?

---

[1] Exhibit A

THE COURT: I'm sorry. I don't find it relevant to the motion to withdraw...I

believe I said in the beginning that the motion to dismiss intersected with and

implicated the merits of the case and on that basis *I believe this motion to*

*withdraw has to be made by me for cause*..." [Emphasis Added]

Pursuant to CGS §52-80, the Plaintiff could automatically withdraw if there has not been

a commencement of a hearing on the merits or the commencement on an issue of fact.

Sec. 52-80. Nonsuits and withdrawals; costs. If the plaintiff, in any action
returned to court and entered in the docket, does not, on or before the opening of
the court on the second day thereof, appear by himself or attorney to prosecute
such action, he shall be nonsuited, in which case the defendant, if he appears,
shall recover costs from the plaintiff. **The plaintiff may withdraw any action so
returned to and entered in the docket of any court, before the
commencement of a hearing on the merits thereof. After the
commencement of a hearing on an issue of fact in any such action, the
plaintiff may withdraw such action, or any other party thereto may withdraw
any cross complaint or counterclaim filed therein by him, only by leave of
court for cause shown. [Emphasis Added]**

The Plaintiff has submitted this Notice of Removal in bad faith and made misleading

statements in the Notice of Removal (March 31, 2010) and the Letter To Melissa

Ruocco, Federal Court Clerk (April 6, 2010) because the Plaintiff knowingly

misrepresented that "no state law claims by the Bank of New York, Trustee were

pending" when the Defendant filed the Counterclaims and that "the original action...was

withdrawn" (paragraph 1).

It is clear that the Plaintiff knew that the action had not been withdrawn as shown below.

Since the Plaintiff had violated multiple court orders on discovery and was facing a

potential disciplinary dismissal, the Plaintiff's counsel even asks the Court to withhold

making decisions on discovery while the Motion To Withdraw is being decided (Tr. 139:24 – 140: 22) (Exhibit B)[2]:

> MR. MILNE: Your Honor, I only have one other question, I just want to make sure, I intend to get the motion to clarify filed next week, I just want to make sure that counsel is not going to press discovery motions in the interim so we don't have a circus going on where they're pressing discovery.

> THE COURT: I was intending to rule on the motions that were still pending about compelling and I held off once got this motion.

> MR. MILNE: I agree, Your Honor, it makes perfect sense, I just don't want to find out Monday, I get a reclaim slip on a motion to compel and they start trying to win the race to get back here to argue it before we've gone before Judge Freed.

> THE COURT: I think we ought to decide this motion to withdraw.

> MR. MILNE: Thank you, Your Honor.

Therefore, Plaintiff's counsel is under no illusions that the case continues and has not been withdrawn. Plaintiff is under no illusions that motions are pending, even though he claims that motions are moot (Notice of Pending Motions Entry #4). In fact, the Notice of Pending Motions seeks to have motions heard that do not even relate to and actually precede the filing of the Defendant's Counterclaims.

Further, the Plaintiff even asks the State Court to withhold making decisions on the motions and thanks the Court for withholding rulings on the pending motions.

---

[2] The Defendant attaches two sections of the January 29, 2010 hearing and will forward the full transcript (143 pages) upon request.

Finally, the State Court called a hearing on the *Bell* case for April 29, 2010 believing that the Plaintiff had removed the Counterclaims to the Federal Court and the State Court was left to decide the Objection To Withdrawal and the pending motions before it. Upon learning that the Plaintiff had misrepresented the fact that the case had been withdrawn, the State Court rebuked the Plaintiff and emphatically stated that the State Court action had not been withdrawn. Further, the State Court issued a statement that will be reviewed by the State Court on April 30, 2010 and then be submitted as a supplemental notice informing this Court that the Original Plaintiff has attempted to remove the Counterclaims to the Federal Court even though the underlying case has not been removed.

Therefore, the District Court lacks subject matter jurisdiction as the Plaintiff is the current and original Plaintiff and not the defendant pursuant to 28 USC 1441(a) and 28 USC 1446(a). Because the right of removal is vested exclusively in true defendants, a plaintiff who has chosen to commence the action in state court cannot later remove to federal court, even to defend against the counterclaim. See 14C Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 3d §3731 (1998).

The "well-established rule is that the plaintiff, who chose the forum, is bound by that choice and may not remove the case." Scott v. Communications Services, Inc., 762 F.Supp. 147, 150 (S.D. Texas 1991). The United States Supreme Court in *Holmes v. Vornado*, 535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13, 62 U.S.P.Q.2d 1801, 02 Cal. Daily Op. Serv. 4781, 2002 Daily Journal D.A.R. 6073, 15 Fla. L. Weekly Fed. S 325 discusses whether a counterclaim can serve as the basis for removal to federal court.

The Supreme Court determined that based on the "well pleaded complaint" rule that

even a counterclaim that established a federal question could not serve as the basis for

removal. The *Holmes* Court stated "we decline to transform the longstanding well-

pleaded-complaint rule into the "well-pleaded-complaint- or-counterclaim rule" [Internal

Quotes Omitted]


Further, in 2006, the Connecticut District Court in *Aetna Health, Inc. v. Kirsher*

415 F.Supp.2d 109, 37 Employee Benefits Cas. 1220 explained that appellate courts

have gone beyond the *Holmes* Court in citing the general principle that only defendant

can remove the action. The *Aetna Health* Court stated the following[3]:

> *However, in this case the defendant has not sought removal of the*
> *plaintiff's complaint. Rather, Aetna seeks removal of Kirshner's*
> *counterclaims. This is a crucial distinction that both parties have ignored.*
> The Supreme Court "decline[d] to transform the longstanding well-
> pleaded-complaint rule into the well-pleaded complaint- or counterclaim
> rule"...[T]he well-pleaded complaint rule is quick and easy to administer
> and would be unnecessarily muddied if federal courts had to examine not
> only the face of the complaint but counterclaims as well. Id.

As the attached portions of the transcript show, the Plaintiff is well aware that the State

Court has not granted the Plaintiff the right to withdraw and has misrepresented this fact

to the District Court. Further, based on the "well pleaded complaint" rule, the District

Court is without subject matter jurisdiction to hear this matter or the counterclaims.

---

[3] The Plaintiff's referral to 5th Circuit cases In re Wilson Industries, 886 F. 2d 93, 96 (5th
Cir. 1989), Chicago, Rock Island v. Stude 346 US 574 (1954), Texas v. Walker, 142 F.
3d 813, 816 (5th Cir 1998), North Star Capital Acquisitions, LLC v. Krig 2007 U.S. Dist.
LEXIS 85660 (M.D. Fla) are without merit as even the Plaintiff's letter makes clear in
stating that "[t]he removal petition was filed by a counterclaim defendant that was not a
party to the original suit". Quite simply, the fundamental issue in this case is that the
original plaintiff was not granted permission to withdraw the case. Therefore, the
counterclaims by the Defendant are brought against the original and current Plaintiff
based on the original suit. The Plaintiff cannot remove counterclaims to Federal Court.
*Aetna*, supra

10

Further, since 28 USC §1447(c) requires "…[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded", the District Court should remand this case to State Court.

## Procedural Defects In Removal Requiring Remand

In addition to the Court lacking jurisdiction because the Plaintiff's choice of forum is binding and only true defendants can remove to federal court, the Plaintiff has also violated 28 USC §1446(a)'s procedure for removal. The Court is bound to remand the case based on the procedural defects.

The Plaintiff failed to include the "process, pleadings, and orders" of the current State Court action in his Notice of Removal pursuant to 28 USC §1446(a) which requires remand to state court upon timely motion by the parties. (Exhibits D and E) Pierpoint v. Barnes, 94 F.3d 813, 65 USLW 2195 C.A.2 (Conn.),1996.

Further, the Plaintiff is seeking to gain procedural advantage failing to have the Court review all of the pending motions and review all of the relevant orders of the Court in this matter. The Court is reviewing the motions filed by the Plaintiff and not by the Defendant prior to removal. This allows the Plaintiff's motion to leapfrog the Defendant's motions and negate all of the orders of the State Court and the motions of the Defendant prior to removal.

Further, since 28 USC §1447(c) requires "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a)…". The Defendants' motion is timely and therefore the District Court should remand this case to State Court.

## Conclusion

As discussed above, the Court lacks jurisdiction as the Original Plaintiff is bound by his choice of forum and only true Defendants can remove cases to federal court. Plaintiff's attempt to mislead the District Court by claiming that the underlying case was withdrawn is not supported by the Plaintiff's own statements in court. Further, the Plaintiff's conclusions are not supported by the recent clear rebuke of the Plaintiff's tactics by the State Court. There exists no appellate authority that original Plaintiff can remove counterclaims federal. In fact, the US Supreme Court has held exactly the opposite.

Further, without regard as to whether the Plaintiff could remove the action, the Plaintiff has failed to follow the proper procedure required to remove the action.

Relief Sought

Defendants moves to remand the entire action back to State Court.

Based on the foregoing, the Defendants request that their motion is granted.

12

Defendant

By: Johnathan Bell
54 Main Street
South Glastonbury, CT 06073
860-633-5654 Phone
888-844-2035 Fax
jsblawsoflife@yahoo.com Email

Defendant

By: Sonja Bell
54 Main Street
South Glastonbury, CT 06073
860-633-5654 Phone
888-844-2035 Fax
jbandsonja@yahoo.com Email

## CERTIFICATION

THIS IS TO CERTIFY THAT COPIES OF THE FOREGOING WERE MAILED, FAXED,

HAND DELIVERED, OR EMAILED WITH PERMISSION OF THE PARTIES

APPEARING ON 5-24-2010 TO PLAINTIFF'S COUNSEL AND ALL OTHER PARTIES

OF RECORD:

Defendant

By: Johnathan Bell
54 Main Street
South Glastonbury, CT 06073
860-633-5654 Phone
888-844-2035 Fax
jsblawsoflife@yahoo.com Email

Defendant

By: Sonja Bell
54 Main Street
South Glastonbury, CT 06073
860-633-5654 Phone
888-844-2035 Fax
jbandsonja@yahoo.com Email

1         MR. BELL: I'm not going to be selective. So

2   after he lays out what he's going to have to argue,

3   right, because of the fact that if the Court opens

4   this thing up to a hearing on the merits of the

5   foreclosure, then I'm going to have to argue

6   ratification, he lays them out. Then what does he

7   do, he gets Ms. Bell on the stand, let me pass this

8   up to the Court, I have another copy.

9         THE COURT: I don't find this relevant.

10        MR. BELL: Oh, you don't find it relevant?

11        THE COURT: I'm sorry. I don't find it relevant

12   to the motion to withdraw. I've all ready indicated

13   I'm willing to let you submit anything you want. I

14   believe I said in the beginning that the motion to

15   dismiss intersected with and implicated the merits of

16   the case and on that basis I believe this motion to

17   withdraw has to be made by me for cause, that's the

18   issues in the case.

19        MR. BELL: Okay. Well the last thing about

20   prejudice then, Mr. Milne -- fantastic Your Honor, I

21   won't readdress that again. I won't say anything

22   else about it. The last thing Mr. Milne talked about

23   or one of the things he talked about was about the

24   cost, let's talk about the cost. He said the cost

25   cannot be visited on the plaintiff. He felt like

26   that what we did was our choice. We're just

27   defending our home, Your Honor. We have a right to

1      discovery motions in the interim so we don't have a

2      circus going on where they're pressing discovery.

3          THE COURT: I was intending to rule on the

4      motions that were still pending about compelling and

5      I held off once got this motion.

6          MR. MILNE: I agree, Your Honor, it makes

7      perfect sense, I just don't want to find out Monday,

8      I get a reclaim slip on a motion to compel and they

9      start trying to win the race to get back here to

10     argue it before we've gone before Judge Freed.

11         THE COURT: I think we ought to decide this

12     motion to withdraw.

13         MR. MILNE: Thank you, Your Honor.

14         MR. BELL: We intend to do a commission, Your

15     Honor.

16         THE COURT: What?

17         MR. BELL: If the case goes forward, we intend

18     to do a commission and call certain witnesses;

19     however the Court's order is for March 1st, depending

20     on how long it takes this --

21         THE COURT: I may, because of this; I'm going to

22     extend, out of fairness.

23         MR. MILNE: And Your Honor, just so the record

24     is clear too, we actually sent a Bate stamped index

25     of the documents we produced to counsel, we did that

26     within the last month, I don't remember exactly when,

27     and I actually have another copy as well, so this

1           THE COURT: But until you get a judgment out of

2     this Court of foreclosure, that property belongs to

3     Mr. Bell. All right. Thank you.

4           Now what we're going to do is you are going to

5     make a motion for clarification. If Judge Freed

6     decides that his decision encompassed the whole

7     motion for summary judgment, included as it related

8     to the counterclaim, then I don't have to hear any

9     more argument, I can rule on this. If Judge Freed

10    decides that he had not ruled on the counterclaim,

11    then I will allow any of you to revise your motion

12    accordingly.

13          MR. BELL: Your Honor, is it possible that under

14    Convoy the Court is allowed to have hearings on

15    issues if they intertwine with jurisdictional facts.

16    Is it possible, we filed to set aside the judgment of

17    strict foreclosure, would you please allow Judge

18    Freed, if we put forth a brief to Judge Freed showing

19    certain things about the prior order, would you allow

20    that to be heard as well?

21          THE COURT: I'm not going to decide that, that's

22    up to Judge Freed.

23          MR. BELL: All right, sir. Thank you.

24          MR. MILNE: Your Honor, I only have one other

25    question, I just want to make sure, I intend to get

26    the motion to clarify filed next week, I just want to

27    make sure that counsel is not going to press



## State of Connecticut
# Judicial Branch



Civil Inquiry Home    Prev Page    Site Help    Comments    Calendar Notices

Case Look-up

**HHD-CV07-5013037-S    BANK OF NEW YORK v. BELL, SONJA, V ET AL**

**Prefix: USD**    Case Type: P00    File Date: 09/11/2007    Return Date: 09/25/2007

**Case Detail**    Notices    History    Scheduled Court Dates    E-Services Login    Screen Section Help    ▶
Pending Foreclosure Sales

Data Updated as of: 04/29/2010

| Case Information |
| --- |

Case Type: P00 - PROPERTY - FORECLOSURE
Court Location: HARTFORD
List Type:
Trial List Claim:
Last Action Date: 04/28/2010 (Last Action Date is a data entry date, not actual date)

| Disposition Information |
| --- |

Disposition Date: 01/15/2010
Disposition: WITHDRAWAL-REMAINING DFD
Judge or Magistrate:

| Parties & Appearances |
| --- |

| Party Number | Plaintiff/ Defendant | | |
| --- | --- | --- | --- |
| | | | No Fee Party |
| 01 | P | BANK OF NEW YORK AS TRUSTEE<br>Attorney: HUNT LEIBERT JACOBSON PC(101589)<br>50 WESTON STREET<br>HARTFORD , CT 06120 | Appear Date: 09/11/2007 |
| 02 | P | JPMORGAN CHASE BANK NATIONAL ASSOCIATION AS TRUSTEE<br>Party Removed | |
| 05 | P | NEW LAW DAY:04/20/2009<br>Non-Appearing | |
| 50 | D | SONJA V BELL<br>Attorney: J HANSON GUEST(309938)<br>151 NEW PARK AVENUE<br>HARTFORD , CT 06106 | Appear Date: 04/20/2009 |
| | | Self-Rep: 54 MAIN ST<br>S GLASTONBURY, CT 06073 | Appear Date: 02/19/2009 |
| 51 | D | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC<br>Attorney: ℭ BENDETT & MCHUGH PC(102892)<br>160 FARMINGTON AVE.<br>FARMINGTON , CT 06032 | Appear Date: 10/01/2007 |
| 52 | D | JONATHAN BELL HUSBAND FATHER & OWNER BENEFICIARY<br>Self-Rep: 54 MAIN ST<br>S GLASTONBURY, CT 06073 | Appear Date: 07/29/2009 |
| 96 | D | APPELLATE COURT #31614<br>Non-Appearing | |

| Motions / Pleadings / Documents | | | | |
| --- | --- | --- | --- | --- |
| **Entry No** | **File Date** | **Filed By** | **Description** | **Arguable** |
| | 09/11/2007 | P | SUMMONS | |
| | 09/11/2007 | P | COMPLAINT | |
| | 09/11/2007 | P | RETURN OF SERVICE | |
| | 10/01/2007 | D | APPEARANCE<br>Appearance | |

| | | | |
|---|---|---|---|
| 12/28/2007 | D | **APPEARANCE**<br>Appearance | |
| 05/23/2008 | | **CLAIM/RECLAIM**<br>Claim/Reclaim | |
| 10/27/2008 | | **CLAIM/RECLAIM**<br>Claim/Reclaim | |
| 03/05/2009 | | **CLAIM/RECLAIM**<br>Claim/Reclaim | |
| 04/23/2009 | | **CLAIM/RECLAIM**<br>Claim/Reclaim | |
| 08/25/2009 | | **CLAIM/RECLAIM**<br>Claim/Reclaim | |
| 10/02/2009 | | **CLAIM/RECLAIM**<br>Claim/Reclaim | |
| 12/23/2009 | | **CLAIM/RECLAIM**<br>Claim/Reclaim | |
| 101.00 12/21/2007 | P | **MOTION FOR DEFAULT-FAILURE TO APPEAR**<br>*RESULT:* Denied 1/2/2008 BY THE CLERK | No |
| 102.00 12/21/2007 | P | **MOTION FOR DEFAULT-FAILURE TO PLEAD**<br>*RESULT:* Granted 1/3/2008 BY THE CLERK | No |
| 103.00 01/11/2008 | P | **MOTION FOR DEFAULT-FAILURE TO PLEAD**<br>*RESULT:* Granted 1/23/2008 BY THE CLERK | No |
| 104.00 01/11/2008 | P | **MOTION FOR JUDGMENT-STRICT FORECLOSURE** | Yes |
| 104.10 04/23/2009 | Court | **ORDER VACATED**<br>*RESULT:* Order 4/23/2009 HON ROBERT SATTER, JTR | No |
| 105.00 01/18/2008 | D | **ANSWER AND SPECIAL DEFENSE** | No |
| 106.00 04/18/2008 | P | **MOTION FOR SUMMARY JUDGMENT**<br>AS TO SONJA BELL<br>*RESULT:* Granted 5/5/2008 HON SAMUEL FREED, JTR | Yes |
| 107.00 04/18/2008 | P | **MEMORANDUM IN SUPPORT OF MOTION**<br>FOR SUMMARY JUDGMENT | No |
| 108.00 06/10/2008 | P | **AFFIDAVIT OF DEBT** | No |
| 109.10 06/10/2008 | Court | **REPLACE RECORD TO PLEADING STATUS (KEYPOINT 2) AND ERASE ALL HIGHER KEYPOINT DATES** | No |
| 110.00 09/22/2008 | P | **CLAIM** | No |
| 111.00 09/22/2008 | P | **AFFIDAVIT THAT DEFENDANT IS IN BANKRUPTCY** | No |
| 112.00 10/09/2008 | P | **MOTION TO RESET LAW DAYS AFTER FILING OF A BANKRUPTCY PETITION (CGS 49-15)**<br>*RESULT:* Granted 11/10/2008 HON ROBERT SATTER, JTR | Yes |
| 113.00 11/10/2008 | P | **AFFIDAVIT OF DEBT** | No |
| 114.00 02/02/2009 | D | **MOTION TO REOPEN JUDGMENT AND EXTEND THE LAW DAY**<br>*RESULT:* Granted 2/2/2009 HON ROBERT SATTER, JTR | Yes |
| 115.00 02/02/2009 | D | **STATEMENT** | No |
| 116.00 02/13/2009 | D | **MOTION TO DISMISS**<br>*RESULT:* Order 4/23/2009 HON ROBERT SATTER, JTR | Yes |
| 117.00 02/13/2009 | D | **MEMORANDUM IN SUPPORT OF MOTION** | No |
| 118.00 02/17/2009 | D | **REQUEST TO AMEND AND AMENDMENT**<br>*RESULT:* Granted 2/17/2009 HON ROBERT SATTER, JTR | No |
| 119.00 02/24/2009 | P | **OBJECTION TO MOTION**<br>to Dismiss | No |
| 119.10 03/15/2009 | D | **REPLY** | No |
| 120.00 02/17/2009 | D | **MOTION FOR ORDER** | Yes |
| 121.00 04/07/2009 | P | **REPLY MEMORANDUM**<br>to Bench Memorandum | No |

| 121.10 | 04/07/2009 | P | **REPLY MEMORANDUM** | No |
|---|---|---|---|---|
| 121.20 | 04/13/2009 | D | **MEMORANDUM IN SUPPORT OF MOTION** | No |
| 121.30 | 04/13/2009 | D | **MOTION TO OPEN JUDGMENT AND EXTEND THE LAW DAY** | Yes |
| 122.00 | 04/02/2009 | D | **MOTION FOR PERMISSION TO WITHDRAW APPEARANCE** | Yes |
| 122.10 | 04/02/2009 | D | **MEMORANDUM** | No |
| 122.20 | 04/15/2009 | Court | **MEMORANDUM OF DECISION**<br>*RESULT:* Order 4/15/2009 HON ROBERT SATTER, JTR | No |
| 123.10 | 04/23/2009 | Court | **MEMORANDUM OF DECISION**<br>*RESULT:* Order 4/23/2009 HON ROBERT SATTER, JTR | No |
| 124.00 | 05/13/2009 | D | **NOTICE OF INTENTION TO APPEAL** | No |
| 125.00 | 05/20/2009 | D | **NOTICE OF SERVICE OF REQUEST FOR ADMISSION** | No |
| 126.00 | 05/22/2009 | D | **MOTION FOR CONTINUANCE**<br>*RESULT:* Denied 5/22/2009 HON ROBERT SATTER, JTR | No |
| 127.00 | 05/22/2009 | D | **MEMORANDUM IN SUPPORT OF MOTION**<br>Memorandum in support of Motion for Continuance | No |
| 128.00 | 05/22/2009 | P | **OBJECTION**<br>to Motion for Continuance | No |
| 129.00 | 05/22/2009 | P | **OBJECTION TO MOTION**<br>*RESULT:* Sustained 5/22/2009 HON ROBERT SATTER, JTR | No |
| 130.00 | 05/27/2009 | P | **MOTION TO SEAL DOCUMENT**<br>*RESULT:* Granted 6/16/2009 HON ROBERT SATTER, JTR | Yes |
| 130.01 | 06/03/2009 | Court | **ORDER VACATED**<br>*RESULT:* Order 6/3/2009 HON ROBERT SATTER, JTR | No |
| 131.00 | 06/04/2009 | P | **NOTICE**<br>Notice of Supplemental Authority | No |
| 132.00 | 06/10/2009 | D | **NOTICE OF INTENTION TO APPEAL** | No |
| 133.00 | 06/10/2009 | D | **NOTICE OF INTENTION TO APPEAL** | No |
| 134.00 | 06/11/2009 | D | **MEMORANDUM IN SUPPORT OF MOTION**<br>Motion for Continuance<br>*RESULT:* Denied 6/12/2009 HON ROBERT SATTER, JTR | No |
| 135.00 | 06/11/2009 | P | **OBJECTION**<br>to Motion for Continuance | No |
| 136.00 | 06/11/2009 | P | **OBJECTION TO MOTION** | No |
| 137.00 | 06/12/2009 | D | **MOTION TO REARGUE** | No |
| 137.10 | 06/12/2009 | D | **REPLY** | No |
| 138.00 | 06/15/2009 | D | **BRIEF** | No |
| 139.00 | 06/15/2009 | D | **MOTION TO INTERVENE**<br>*RESULT:* Granted 7/20/2009 HON ROBERT SATTER, JTR | No |
| 140.10 | 06/16/2009 | Court | **ORDER**<br>*RESULT:* Order 6/16/2009 HON ROBERT SATTER, JTR | No |
| 141.00 | 06/19/2009 | P | **MOTION FOR TERMINATION**<br>Motion to Terminate the Automatic Stay | No |
| 142.00 | 06/16/2009 | Court | **ORDER SEALING FILE OR DOCUMENT**<br>*RESULT:* Order 6/16/2009 HON ROBERT SATTER, JTR | Yes |
| 143.00 | 06/18/2009 | Court | **ORDER**<br>*RESULT:* Order 6/18/2009 BY THE COURT | No |
| 143.10 | 06/17/2009 | Court | **ORDER**<br>*RESULT:* Order 6/17/2009 BY THE COURT | No |
| 144.00 | 06/18/2009 | P | **NOTICE** | No |
| 145.00 | 06/18/2009 | P | **NOTICE** | No |
| 146.00 | 06/18/2009 | P | **OBJECTION TO REQUEST FOR ADMISSION** | No |
| 147.00 | 06/18/2009 | P | **OBJECTION TO INTERROGATORIES** | No |

| | | | | |
|---|---|---|---|---|
| 148.00 | 06/25/2009 | P | **MOTION TO QUASH**<br>Motion to Quash Subpoena of Emma Wittstein | No |
| 149.00 | 06/26/2009 | D | **AFFIDAVIT OF ATTEMPT TO RESOLVE OBJECTION** | No |
| 150.00 | 06/19/2009 | P | **MOTION FOR STAY** | No |
| 151.00 | 06/19/2009 | P | **MOTION TO QUASH** | No |
| 151.10 | 06/24/2009 | Court | **ORDER**<br>*RESULT:* Order 6/24/2009 BY THE COURT | No |
| 152.00 | 06/25/2009 | P | **MOTION TO QUASH** | No |
| 152.10 | 06/29/2009 | Court | **REPLY** | No |
| 152.15 | 06/29/2009 | Court | **REPORT** | No |
| 152.20 | 07/01/2009 | Court | **ORDER**<br>*RESULT:* Order 7/1/2009 BY THE COURT | No |
| 153.10 | 07/06/2009 | D | **LETTER** | No |
| 153.20 | 07/09/2009 | Court | **ORDER**<br>*RESULT:* Order 7/9/2009 BY THE COURT | No |
| 153.30 | 07/08/2009 | Court | **ORDER**<br>*RESULT:* Order 7/8/2009 BY THE COURT | No |
| 153.40 | 07/16/2009 | Court | **ORDER**<br>*RESULT:* Order 7/16/2009 BY THE COURT | No |
| 154.00 | 07/16/2009 | P | **OBJECTION TO MOTION**<br>Objection to Motion to Intervene | No |
| 155.00 | 07/20/2009 | D | **MEMORANDUM** | No |
| 155.10 | 07/20/2009 | P | **MEMORANDUM IN SUPPORT OF MOTION** | No |
| 156.00 | 07/28/2009 | P | **MOTION TO SUBSTITUTE PARTY**<br>Motion to Substitute or Add Plaintiff<br>*RESULT:* Denied 11/6/2009 HON ROBERT SATTER, JTR | No |
| 157.00 | 07/28/2009 | D | **MEMORANDUM IN SUPPORT OF MOTION** | No |
| 158.00 | 07/31/2009 | P | **MEMORANDUM**<br>Regarding Discovery & Burden of Proof | No |
| 159.00 | 07/31/2009 | D | **MOTION FOR PERMISSION TO AMEND MOTION OR PLEADING** | No |
| 160.00 | 07/31/2009 | D | **MEMORANDUM** | No |
| 161.00 | 08/03/2009 | D | **MEMORANDUM** | No |
| 162.00 | 08/05/2009 | P | **MOTION FOR STAY**<br>of Discovery | No |
| 163.00 | 08/05/2009 | D | **MOTION FOR EXTENSION OF TIME** | No |
| 164.00 | 08/06/2009 | D | **MOTION FOR EXTENSION OF TIME** | No |
| 165.00 | 08/07/2009 | D | **MOTION FOR EXTENSION OF TIME**<br>*RESULT:* Order 8/10/2009 HON ROBERT SATTER, JTR | No |
| 166.00 | 08/13/2009 | D | **REQUEST TO EXTEND TIME TO RESPOND TO INTERROGATORIES OR PRODUCTION<br>REQUEST PB 13-7(B)/13-10(B)**<br>*RESULT:* Granted 8/18/2009 HON ROBERT SATTER, JTR | No |
| 167.00 | 08/13/2009 | D | **MOTION FOR EXTENSION OF TIME** | No |
| 168.10 | 08/06/2009 | Court | **ORDER**<br>*RESULT:* Order 8/6/2009 HON ROBERT SATTER, JTR | No |
| 169.00 | 08/17/2009 | P | **OBJECTION TO REQUEST**<br>Objection to request for extension of time | No |
| 170.00 | 08/25/2009 | P | **MOTION TO REARGUE** | No |
| 171.00 | 08/31/2009 | D | **MOTION FOR EXTENSION OF TIME**<br>*RESULT:* Denied 9/3/2009 HON ROBERT SATTER, JTR | No |
| 172.00 | 08/31/2009 | D | **NOTICE OF INTENTION TO APPEAL** | No |
| 173.00 | 07/28/2009 | P | **MOTION TO SUBSTITUTE PARTY**<br>*RESULT:* Denied 11/12/2009 HON ROBERT SATTER, JTR | No |

| # | Date | Party | Description | Yes/No |
|---|------|-------|-------------|--------|
| 174.00 | 09/10/2009 | D | **MOTION TO DISMISS** | Yes |
| 175.00 | 09/10/2009 | D | **MEMORANDUM IN SUPPORT OF MOTION** | No |
| 176.00 | 09/15/2009 | D | **NOTICE OF SERVICE OF REQUEST FOR ADMISSION** | No |
| 177.00 | 09/24/2009 | P | **MOTION FOR USE AND OCCUPANCY PAYMENTS SUMMARY PROCESS** | No |
| 178.00 | 10/01/2009 | D | **MOTION FOR CLARIFICATION-COURT ORDER** | No |
| 179.00 | 10/02/2009 | P | **NOTICE TO ALL PARTIES** <br> Notice of Filing responses & objections to Rqsts | No |
| 180.00 | 10/07/2009 | P | **NOTICE OF INTENTION TO ARGUE OR PRESENT TESTIMONY** <br> Notice of Intent to Argue Motion #177.00 | No |
| 181.00 | 10/07/2009 | D | **REQUEST TO EXTEND TIME TO RESPOND TO INTERROGATORIES OR PRODUCTION REQUEST PB 13-7(B)/13-10(B)** <br> *RESULT:* Granted 11/9/2009 HON ROBERT SATTER, JTR | No |
| 182.00 | 10/08/2009 | P | **NOTICE TO ALL PARTIES** <br> Filing of Responses to Interrogatories | No |
| 183.00 | 10/08/2009 | P | **NOTICE TO ALL PARTIES** <br> of Partial Compliance to request for production | No |
| 184.00 | 10/08/2009 | D | **REQUEST** <br> for Extension of Time to Respond/Object to Interro | No |
| 185.00 | 10/09/2009 | D | **MOTION FOR EXTENSION OF TIME** <br> to Respond/Object to P's Motion for U+O Payments | No |
| 185.10 | 10/09/2009 | D | **OBJECTION** <br> *RESULT:* Denied 9/14/2009 HON ROBERT SATTER, JTR | No |
| 185.20 | 10/09/2009 | D | **MOTION FOR EXTENSION OF TIME** | No |
| 186.00 | 10/13/2009 | P | **OBJECTION TO MOTION** <br> to Dismiss | No |
| 187.00 | 10/15/2009 | P | **NOTICE TO ALL PARTIES** <br> Notice of Objections to Request for Admissions | No |
| 188.00 | 10/15/2009 | P | **OBJECTION TO REQUEST FOR ADMISSION** <br> Objections to Request for Admission dated 9/15/09 <br> *RESULT:* Order 11/30/2009 HON ROBERT SATTER, JTR | No |
| 189.00 | 10/15/2009 | P | **OBJECTION TO INTERROGATORIES** | No |
| 189.10 | 10/19/2009 | P | **NOTICE** | No |
| 190.00 | 10/21/2009 | P | **MOTION IN LIMINE** | No |
| 191.00 | 10/20/2009 | P | **MOTION TO COMPEL** | No |
| 192.00 | 10/23/2009 | D | **MOTION TO COMPEL** <br> *RESULT:* Order 11/13/2009 HON ROBERT SATTER, JTR | No |
| 193.00 | 10/23/2009 | D | **MOTION FOR ORDER** <br> *RESULT:* Granted 11/13/2009 HON ROBERT SATTER, JTR | No |
| 194.10 | 10/23/2009 | D | **MOTION FOR CONTINUANCE** <br> *RESULT:* Denied 10/26/2009 HON ROBERT SATTER, JTR | No |
| 195.10 | 10/23/2009 | D | **MOTION FOR CONTINUANCE** <br> *RESULT:* Denied 10/23/2009 HON ROBERT SATTER, JTR | No |
| 196.00 | 10/26/2009 | D | **APPEAL TO APPELLATE COURT** | No |
| 197.00 | 11/04/2009 | D | **MOTION TO DETERMINE SUFFICIENCY OF DISCOVERY RESPONSES PB CHAPTER 13** <br> Motion to Determine Sufficiency OF ADMISSIONS | No |
| 198.00 | 11/05/2009 | P | **OBJECTION TO MOTION** <br> Objection to Motion to Take Judicial Notice | No |
| 199.00 | 11/04/2009 | D | **MOTION FOR ORDER** | No |
| 200.00 | 11/06/2009 | D | **OBJECTION TO MOTION** | No |
| 201.00 | 11/03/2009 | P | **MOTION FOR ORDER** <br> *RESULT:* Granted 11/5/2009 HON ROBERT SATTER, JTR | No |
| 202.00 | 11/03/2009 | P | **MOTION TO DISMISS** <br> *RESULT:* Denied 11/5/2009 HON ROBERT SATTER, JTR | Yes |

| | | | | No |
|---|---|---|---|---|
| 203.00 | 11/12/2009 | D | **COVER SHEET**<br>Objections to Plaintiff's Interrogatories | |
| 204.00 | 11/10/2009 | D | **OBJECTION TO INTERROGATORIES** | No |
| 205.00 | 11/13/2009 | P | **OBJECTION**<br>to Motion to Determine Sufficiency of Admissions | No |
| 206.00 | 11/13/2009 | P | **MOTION TO REARGUE**<br>*RESULT:* Order 12/15/2009 HON ROBERT SATTER, JTR | No |
| 206.86 | 12/15/2009 | Court | **ORDER**<br>wrong entry number, moved to 206.86<br>*RESULT:* Order 12/15/2009 HON ROBERT SATTER, JTR | No |
| 207.00 | 11/13/2009 | P | **AMENDED COMPLAINT** | No |
| 208.00 | 11/13/2009 | D | **REPLY** | No |
| 209.00 | 11/17/2009 | P | **MOTION TO COMPEL**<br>*RESULT:* Order 12/15/2009 HON ROBERT SATTER, JTR | No |
| 209.86 | 12/15/2009 | Court | **ORDER**<br><br>*RESULT:* Order 12/15/2009 HON ROBERT SATTER, JTR | No |
| 210.00 | 11/18/2009 | P | **OBJECTION TO MOTION**<br>Objection to Motion to Determine Sufficiency<br>*RESULT:* Order 12/16/2009 HON ROBERT SATTER, JTR | No |
| 210.86 | 12/16/2009 | Court | **ORDER**<br><br>*RESULT:* Order 12/16/2009 HON ROBERT SATTER, JTR | No |
| 211.00 | 11/20/2009 | P | **AFFIDAVIT OF ATTEMPT TO RESOLVE OBJECTION**<br>Affidavit Re: Def's Objections filed 11/10/09 | No |
| 212.00 | 11/20/2009 | D | **AFFIDAVIT** | No |
| 213.00 | 11/20/2009 | D | **MOTION TO DETERMINE SUFFICIENCY OF DISCOVERY RESPONSES PB CHAPTER 13**<br>*RESULT:* Withdrawn 12/2/2009 | No |
| 214.00 | 11/23/2009 | D | **OBJECTION**<br>Objection to Amended Complaint | No |
| 215.10 | 11/13/2009 | Court | **MEMORANDUM OF DECISION**<br>*RESULT:* Order 11/13/2009 HON ROBERT SATTER, JTR | No |
| 216.10 | 11/12/2009 | Court | **MEMORANDUM OF DECISION**<br>*RESULT:* Order 11/12/2009 HON ROBERT SATTER, JTR | No |
| 217.10 | 11/12/2009 | Court | **ORDER**<br>*RESULT:* Order 11/12/2009 HON ROBERT SATTER, JTR | No |
| 218.10 | 11/18/2009 | Court | **MEMORANDUM OF DECISION**<br>*RESULT:* Order 11/18/2009 HON ROBERT SATTER, JTR | No |
| 219.00 | 11/24/2009 | D | **OBJECTION TO MOTION** | No |
| 219.10 | 11/24/2009 | D | **OBJECTION TO REQUEST** | No |
| 220.00 | 11/30/2009 | P | **MOTION TO REARGUE**<br>Motion to Reargue Court's November 12 Ruling<br>*RESULT:* Granted 12/16/2009 HON ROBERT SATTER, JTR | No |
| 220.86 | 12/16/2009 | Court | **ORDER**<br><br>*RESULT:* Order 12/16/2009 HON ROBERT SATTER, JTR | No |
| 221.00 | 11/30/2009 | P | **MOTION TO REARGUE**<br>Motion to Reargue Court's November 13 Ruling<br>*RESULT:* Denied 12/16/2009 HON ROBERT SATTER, JTR | No |
| 221.86 | 12/16/2009 | Court | **ORDER**<br><br>*RESULT:* Denied 12/16/2009 HON ROBERT SATTER, JTR | No |
| 222.00 | 11/30/2009 | P | **NOTICE TO ALL PARTIES**<br>Notice of Answers to Admissions -Court Order 11/18 | No |
| 223.00 | 11/30/2009 | P | **NOTICE TO ALL PARTIES**<br>Notice of Supp. Compliance to First Inter. & Prod. | No |

| | | | | |
|---|---|---|---|---|
| 224.00 | 12/02/2009 | P | **REPLY**<br>to Objection to Amended Complaint | No |
| 225.00 | 12/02/2009 | D | **WITHDRAWAL OF MOTION** | No |
| 226.00 | 12/03/2009 | P | **MOTION FOR ORDER OF NOTICE**<br>- Judicial Notice<br>*RESULT:* Denied 12/22/2009 HON ROBERT SATTER, JTR | No |
| 226.86 | 12/22/2009 | Court | **ORDER**<br><br>*RESULT:* Denied 12/22/2009 HON ROBERT SATTER, JTR | No |
| 227.00 | 12/02/2009 | D | **MOTION FOR ORDER** | No |
| 228.00 | 12/03/2009 | D | **MOTION TO COMPEL** | No |
| 229.00 | 12/03/2009 | D | **OBJECTION TO MOTION** | No |
| 229.10 | 12/10/2009 | D | **BRIEF** | No |
| 230.00 | 12/11/2009 | P | **MEMORANDUM IN OPPOSITION TO MOTION**<br>Memo of Law in Opposition to J Bell's 12/3/09 Memo | No |
| 231.00 | 12/15/2009 | D | **MOTION FOR EXTENSION OF TIME**<br>Request for Extension of Time to Respond/Object<br>*RESULT:* Denied 12/22/2009 HON ROBERT SATTER, JTR | No |
| 231.86 | 12/22/2009 | Court | **ORDER**<br><br>*RESULT:* Denied 12/22/2009 HON ROBERT SATTER, JTR | No |
| 232.00 | 12/11/2009 | D | **MOTION TO COMPEL** | No |
| 233.00 | 12/11/2009 | D | **MOTION TO COMPEL** | No |
| 234.00 | 12/15/2009 | D | **MOTION TO COMPEL** | No |
| 234.50 | 12/17/2009 | D | **MOTION FOR ORDER** | No |
| 235.00 | 12/21/2009 | P | **MEMORANDUM**<br>of Law in Support of Judicial Notice | No |
| 236.00 | 12/21/2009 | P | **OBJECTION**<br>to Motion to Compel<br>*RESULT:* Order 12/22/2009 HON ROBERT SATTER, JTR | No |
| 236.86 | 12/22/2009 | Court | **ORDER**<br><br>*RESULT:* Sustained 12/22/2009 HON ROBERT SATTER, JTR | No |
| 236.87 | 12/22/2009 | Court | **ORDER**<br><br>*RESULT:* Order 12/22/2009 HON ROBERT SATTER, JTR | No |
| 237.00 | 12/10/2009 | | **APPELLATE COURT APPEAL WITHDRAWN**<br>*RESULT:* 12/10/2009 BY THE COURT | |
| 238.00 | 12/18/2009 | D | **OBJECTION TO MOTION** | No |
| 238.10 | 12/23/2009 | D | **MOTION TO COMPEL** | No |
| 238.50 | 12/24/2009 | Court | **ORDER** | No |
| 239.00 | 12/28/2009 | P | **MOTION FOR EXTENSION OF TIME**<br>*RESULT:* Granted 1/5/2010 HON ROBERT SATTER, JTR | No |
| 239.86 | 01/05/2010 | Court | **ORDER**<br><br>*RESULT:* Granted 1/5/2010 HON ROBERT SATTER, JTR | No |
| 240.00 | 12/28/2009 | D | **COVER SHEET**<br>Answers to Interrogatories and Request for Product | No |
| 240.50 | 12/28/2009 | D | **MOTION FOR EXTENSION OF TIME**<br>*RESULT:* Denied 12/30/2009 HON ROBERT SATTER, JTR | No |
| 240.51 | 12/30/2009 | Court | **ORDER**<br><br>*RESULT:* Denied 12/30/2009 HON ROBERT SATTER, JTR | No |
| 241.00 | 12/28/2009 | D | **MOTION FOR EXTENSION OF TIME**<br>Motion for Extension of Time to ReArgue<br>*RESULT:* Denied 12/30/2009 HON ROBERT SATTER, JTR | No |

| | | | | |
|---|---|---|---|---|
| 241.86 | 12/30/2009 | Court | **ORDER** | No |
| | | | *RESULT:* Denied 12/30/2009 HON ROBERT SATTER, JTR | |
| 242.00 | 12/29/2009 | P | **MOTION FOR DEFAULT FAILURE TO COMPLY WITH DISCOVERY** | No |
| 243.00 | 12/29/2009 | P | **OBJECTION TO MOTION TO DISMISS**<br>Supplemental Objection to Mot to Dismiss | Yes |
| 244.00 | 12/30/2009 | P | **MOTION FOR EXTENSION OF TIME**<br>To Respond to Admissions per Court Order of Dec 1<br>*RESULT:* Order 1/5/2010 HON ROBERT SATTER, JTR | No |
| 244.86 | 01/05/2010 | Court | **ORDER** | No |
| | | | *RESULT:* Order 1/5/2010 HON ROBERT SATTER, JTR | |
| 245.00 | 01/04/2010 | D | **OBJECTION TO MOTION**<br>Objection to Motion for Extension of Time<br>*RESULT:* Withdrawn 1/4/2010 | No |
| 246.00 | 12/29/2009 | D | **MOTION FOR EXTENSION OF TIME** | No |
| 247.00 | 01/04/2010 | D | **WITHDRAWAL OF MOTION**<br>JDNO 245 - Obj. To Motion for Ext. of Time | No |
| 248.00 | 01/04/2010 | D | **MOTION TO REARGUE**<br>Motion To Compel - JDNO 209 | No |
| 249.00 | 01/04/2010 | D | **MOTION TO REARGUE** | No |
| 250.00 | 12/28/2009 | D | **OBJECTION TO INTERROGATORIES** | No |
| 251.00 | 01/08/2010 | P | **WITHDRAWAL OF COMPLAINT**<br>Withdrawal of Complaint dated 09/11/07 | No |
| 252.00 | 01/08/2010 | D | **MOTION TO COMPEL** | No |
| 253.00 | 01/05/2010 | D | **MOTION TO COMPEL** | No |
| 254.00 | 01/15/2010 | P | **WITHDRAWAL** | No |
| 254.10 | 01/15/2010 | P | **WITHDRAWAL OF ACTION AS TO REMAINING DEFENDANTS**<br>*RESULT:* 1/15/2010 BY THE PLAINTIFF | |
| 255.00 | 01/15/2010 | D | **OBJECTION**<br>Objection to Withdrawal | No |
| 256.00 | 01/26/2010 | P | **MOTION - SEE FILE**<br>Motion for Continuance<br>*RESULT:* Granted 1/26/2010 HON ROBERT SATTER, JTR | No |
| 256.86 | 01/26/2010 | Court | **ORDER** | No |
| | | | *RESULT:* Granted 1/26/2010 BY THE CLERK | |
| 257.00 | 01/28/2010 | P | **REPLY**<br>Reply to Objection to Withdrawal | No |
| 258.00 | 02/08/2010 | P | **MOTION FOR CLARIFICATION-COURT ORDER**<br>*RESULT:* Granted 3/2/2010 HON SAMUEL FREED, JTR | No |
| 258.86 | 03/02/2010 | Court | **ORDER** | No |
| | | | *RESULT:* Granted 3/2/2010 HON SAMUEL FREED, JTR | |
| 259.00 | 02/11/2010 | P | **MOTION FOR TERMINATION OF STAY OF PROCEEDINGS**<br>Motion to Terminate Stay in Event of an Appeal | No |
| 260.00 | 02/16/2010 | P | **NOTICE OF INTENTION TO ARGUE OR PRESENT TESTIMONY** | No |
| 261.00 | 02/16/2010 | D | **MOTION FOR EXTENSION OF TIME**<br>to file brief in response to Plaintiff'sWithdrawal<br>*RESULT:* Granted 2/17/2010 HON ROBERT SATTER, JTR | No |
| 261.86 | 02/17/2010 | Court | **ORDER** | No |
| | | | *RESULT:* Order 2/17/2010 HON ROBERT SATTER, JTR | |
| 262.00 | 02/16/2010 | D | **MOTION FOR EXTENSION OF TIME** | No |
| 263.00 | 02/26/2010 | D | **REQUEST**<br>Request for Extension of Time | No |

| 264.00 | 03/01/2010 | D | **OBJECTION TO MOTION**<br>Objection to Motion for Clarification (Entry#258)<br>*RESULT:* Order 3/29/2010 HON JULIA AURIGEMMA, J | No |
|---|---|---|---|---|
| 264.86 | 03/29/2010 | Court | **ORDER** | No |
| | | | *RESULT:* Order 3/29/2010 HON JULIA AURIGEMMA, J | |
| 265.00 | 03/02/2010 | P | **OBJECTION TO EXTENSION OF TIME MOTION** | No |
| 266.00 | 03/04/2010 | D | **MOTION FOR EXTENSION OF TIME**<br>Motion for Extension of Time to File Brief<br>*RESULT:* Denied 3/5/2010 HON ROBERT SATTER, JTR | No |
| 266.86 | 03/05/2010 | Court | **ORDER** | No |
| | | | *RESULT:* Denied 3/5/2010 HON ROBERT SATTER, JTR | |
| 267.00 | 03/04/2010 | D | **MOTION FOR EXTENSION OF TIME** | No |
| 268.00 | 03/04/2010 | D | **ANSWER AND SPECIAL DEFENSE AND COUNTERCLAIM** | No |
| 269.00 | 03/04/2010 | D | **COUNTERCLAIM** | No |
| 270.00 | 03/09/2010 | D | **MOTION FOR CONTINUANCE** | No |
| 270.86 | 03/10/2010 | Court | **ORDER** | No |
| | | | *RESULT:* Order 3/10/2010 HON ROBERT SATTER, JTR | |
| 271.00 | 03/10/2010 | P | **OBJECTION TO EXTENSION OF TIME MOTION** | No |
| 272.00 | 03/10/2010 | D | **MOTION FOR COMMISSION FOR DEPOSITION**<br>*RESULT:* Order 3/11/2010 BY THE CLERK | No |
| 272.86 | 03/11/2010 | Court | **ORDER** | No |
| | | | *RESULT:* Order 3/11/2010 HON ROBERT SATTER, JTR | |
| 273.00 | 03/15/2010 | D | **NOTICE OF INTENTION TO ARGUE OR PRESENT TESTIMONY** | No |
| 274.00 | 03/15/2010 | D | **MOTION TO REARGUE** | No |
| 275.00 | 03/16/2010 | D | **MOTION TO COMPEL**<br>*RESULT:* Denied 3/29/2010 HON JULIA AURIGEMMA, J | No |
| 275.86 | 03/29/2010 | Court | **ORDER** | No |
| | | | *RESULT:* Denied 3/29/2010 HON JULIA AURIGEMMA, J | |
| 276.00 | 03/19/2010 | P | **MOTION FOR EXTENSION OF TIME**<br>*RESULT:* Granted 3/29/2010 HON JULIA AURIGEMMA, J | No |
| 276.86 | 03/29/2010 | Court | **ORDER** | No |
| | | | *RESULT:* Granted 3/29/2010 HON JULIA AURIGEMMA, J | |
| 277.00 | 03/22/2010 | D | **NOTICE OF INTENTION TO APPEAL** | No |
| 278.00 | 03/31/2010 | P | **PETITION FOR REMOVAL-US DISTRICT COURT** | No |
| 279.00 | 04/26/2010 | D | **NOTICE OF INTENTION TO ARGUE OR PRESENT TESTIMONY !new** | No |
| 280.00 | 04/28/2010 | D | **MOTION FOR CONTINUANCE !new**<br>of April 29, 2010 Hearing<br>*RESULT:* Denied 4/28/2010 HON ROBERT SATTER, JTR | No |
| 280.86 | 04/28/2010 | Court | **ORDER !new** | No |
| | | | *RESULT:* Denied 4/28/2010 HON ROBERT SATTER, JTR | |

| Individually Scheduled Court Dates as of 04/29/2010 | | | | |
|---|---|---|---|---|
| HHD-CV07-5013037-S - BANK OF NEW YORK v. BELL, SONJA, V ET AL | | | | |
| **#** | **Date** | **Time** | **Event Description** | **Status** |
| 1 | 04/29/2010 | 10:00AM | Hearing | Proceeding |

Note: Other court activity may be separately scheduled on short calendars. Individually scheduled events for the Regional Family Trial Docket in Middletown and Complex Litigation Dockets may not be included.

Periodic changes to terminology may be made which do not affect the status of the case.

**Disclaimer:** For civil and family cases statewide, case information is displayed and is available for inquiry on this website for a period of time, one year to a maximum period of ten years, after the disposition date. To the extent that Connecticut Practice Book Sections 7-10 and 7-11 provide for a shorter period of time, this information will be displayed for the shorter period. In accordance with the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2010, State of Connecticut Judicial Branch

hits: 3

**HHD-CV07-5013037-S    BANK OF NEW YORK v. BELL, SONJA, V ET AL**

Date Sent: 04/21/2010 Sequence #: 1

**Notice Content:**
THE COURT HAD PREVIOUSLY ORDERED A HEARING ON
APRIL 23, 2010 THIS HEARING HAS BEEN
RESCHEDULED TO APRIL 29, 2010 AT 10 A.M. AT
THIS HEARING THE FOLLOWING MOTIONS SHALL BE
HEARD: MOTION TO COMPEL #232 DATED 12/11/2009
BY ATTORNEY GUEST, MOTION TO REARGUE #248 DATED
1/4/2010 BY ATTORNEY GUEST, OBJECTION TO
INTERROGATORIES #250 DATED 12/28/2009 BY MR.
BELL, WITHDRAWAL OF COMPLAINT #251 DATED
1/8/2010 BY HUNT, LEIBERT AND JACOBSON, MOTION
TO COMPEL # 252 DATED 1/8/2010 BY ATTORNEY
GUEST, MOTION TO COMPEL #253 DATED 1/5/2010 BY
MR. BELL, COUNTERCLAIM #269 DATED 3/4/2010 BY
MR. BELL, MOTION TO REARGUE #274 DATED
3/15/2010 BY MR. BELL, MOTION TO COMPEL #275
DATED 3/16/2010 BY MR. BELL. CONITNUE TO PAGE2USDP

**Appearances:**
Attys: BENDETT & MCHUGH PC, 160 FARMINGTON AVE. FARMINGTON CT 06032
Attys: GUEST,J 151 NEW PARK AVENUE HARTFORD CT 06106
Attys: HUNT LEIBERT JACOBSON PC, 50 WESTON STREET HARTFORD CT 06120
SelfRep: BELL,SONJA 54 MAIN ST S GLASTONBURY, CT 06073
SelfRep: JONATHAN BELL HUSBAND FATHER & OWNER BENEFICIARY,' 54 MAIN
ST S GLASTONBURY, CT 06073

| | |
|---|---|
| The Bank of New York as Trustee for BS ) | SUPERIOR COURT |
| ALT 2005-9 ) | J.D OF HARTFORD AT HARTFORD |
| ) | |
| ) | DOCKET NO: CV-07-5013037-S |
| v. ) | |
| ) | |
| ) | |
| Sonja V. Bell, ET AL. ) | April 26, 2010 |
| ) | |
| ) | |
| _____ ) | |

## Notification Of Additional Motions Sought To Be Argued

Per the Court's order to notify court of other motions sought to be argued on April 29,

2010, Defendant provides notice to all parties that Defendant intents to argue the

Motion To Dismiss filed on September 10, 2009 (Entry No. 174). The Plaintiff has

provided an objection to said Motion To Dismiss on October 13, 2009.


Further, Defendant seeks to argue Defendant's Motion To Reargue (Entry No. 249)

dated January 4, 2010.


Based on the foregoing, the Defendant seeks to argue the motion to prevent the further

waste of judicial resources on the Plaintiff's case.


1

Based on the foregoing, the Defendant provides this notice.

Defendant

_____

By: Johnathan Bell
54 Main Street
South Glastonbury, CT 06073
860-777-5087 Phone
888-844-2035 Fax

## CERTIFICATION

THIS IS TO CERTIFY THAT COPIES OF THE FOREGOING WERE MAILED, FAXED, HAND DELIVERED, OR EMAILED WITH PERMISSION OF THE PARTY ON 4-26-2010 TO PLAINTIFF'S COUNSEL AND ALL OTHER PARTIES OF RECORD:

Hunt Leibert Jacobson, PC
50 Weston Street
Hartford, CT 06120
(860) 808-0606

Bendett & Mchugh, PC
160 Farmington Avenue
Farmington, CT 06032

J. Hanson Guest
151 New Park Avenue
Hartford, CT 06106

Defendant

_____
By: Johnathan Bell
54 Main Street
South Glastonbury, CT 06073
860-777-5087 Phone
888-844-2035 Fax

3