UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BANK OF NEW YORK, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civ. Action No. |
| | : | 3:10-cv-508 (SRU) |
| SONJA BELL, ET AL., | : | |
|     Defendants. | | |

## ORDER OF REMAND

The Bank of New York as Trustee for BS Alt A 2005-9 (the "Bank") commenced a foreclosure action against the defendants Sonja Bell and Mortgage Electronic Registration Systems, Inc. ("MERS") in Connecticut Superior Court in September 2007. On July 15, 2009, Jonathan Bell, Sonja Bell's husband, filed a motion to intervene; the motion was granted on July 20, 2009. The Bank filed a notice of withdrawal of the complaint on January 8, 2010 and on January 15, 2010 the Bank filed a notice of withdrawal of the action with respect to the remaining defendants. *See* doc. # 18, Ex. C. Sonja and Jonathan Bell filed an objection to the withdrawals. The court heard argument on the objection on January 29, 2010 and reserved ruling pending clarification of a prior decision. *See* doc. # 22, Att. A., Ex. B. On March 4, 2010, Jonathan Bell filed a counterclaim against the Bank. Plaintiff initiated removal of the proceedings on March 31, 2010.[1]

Jonathan Bell, *pro se*, filed a motion to remand on May 3, 2010 and an amended emergency motion to remand on May 24, 2010 (docs. ## 18 and 22). Mr. Bell argues that this court lacks subject matter jurisdiction over the case because, *inter alia*, a plaintiff cannot remove

---

[1] The Bank removed on the basis of diversity jurisdiction. The Bank is incorporated in New York with its principal place of business the same. The Bells are residents of Connecticut.

counterclaims. In its objection to the motion to remand (doc. # 21) the Bank maintains that the court erroneously reserved decision on the withdrawal. The Bank argues that Jonathan Bell's counterclaim, filed after the date withdrawal should have been effected, must be construed as a complaint that is properly removable. *See* doc. # 21 at 5 (relying on *City of Indianapolis v. Chase National Bank*, 314 U.S. 63 (1941)). The Bank's reasoning is flawed because it is premised, not on the actual status of the state court action, but on what the Bank believes the Superior Court should have done.

    The party asserting federal jurisdiction bears the burden of demonstrating that the case is properly before the federal court. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). The court is obligated to examine the basis for subject matter jurisdiction and satisfy itself that jurisdiction exists. *See Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 278 (1977). Federal courts are courts of limited jurisdiction, *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993), and "[i]n light of congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

    In the usual course, a defendant may remove a case to federal court if it properly alleges that the federal court has original jurisdiction over the matter. *See* 28 U.S.C. § 1441(b); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). It is also well settled that a plaintiff is free to choose its forum and is barred from removing its own case to federal court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) (holding that plaintiff could not remove counterclaim on the basis of diversity jurisdiction). In 2009 the Supreme Court re-

affirmed these principles in *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009), holding that "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense . . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim." Additionally, removal is barred where any one of the defendants is a resident of the state in which the action has been filed. *See* 28 U.S.C. § 1441(b).

The record demonstrates that the Superior Court has not effected the withdrawal of the complaint and therefore the Bank's action against the defendants was actively pending in state court at the time of removal. *See* doc. # 18, Ex. C. The Bank has offered no support, and I have found none, for the assertion that a federal district court possesses the authority to consider an interlocutory appeal from a state court's decision to reserve ruling on an application for withdrawal. If the Bank believes the Superior Court has erroneously failed to give effect to the Bank's withdrawal, it must pursue that argument in state court, either in the Superior Court or later on appeal; this court cannot adopt that argument as a basis for removal.

The complaint was still pending before the court when the case was removed, and therefore the Bank's argument that Jonathan Bell's counterclaim must be construed as a complaint is at best premature and necessarily fails. Because the counterclaim was just that, it did not provide a basis for removal.[2] Accordingly, the Bank's application for removal is fatally flawed and Jonathan Bell's amended motion for remand **(doc. # 22)** is **GRANTED**. The case is

---

[2] Even if the case had been withdrawn prior to the filing of the counterclaim and notice of removal, the notice is defective. The complaint removed is the Bank's September 5, 2007 complaint, not Bell's counterclaim. *See* doc. # 1, Ex. A. In fact, the counterclaim has not been filed in this court in connection with the notice of removal or any other filing.

remanded to the Connecticut Superior Court for the Judicial District of Hartford. The clerk shall effect the remand and close this file.

It is so ordered.

Dated at Bridgeport this 24th day of June 2010.

      /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge