**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

BANK OF NEW YORK,                                :
    Plaintiff,                              :
                                            :
                                            :         Civ. Action No.
                                            :         3:10-cv-508 (SRU)
SONJA BELL, ET AL.,                              :
    Defendants.

<u>**ORDER**</u>

The Bank of New York as Trustee for BS Alt A 2005-9 (the "Bank") commenced a

foreclosure action against Sonja Bell and Mortgage Electronic Registration Systems, Inc.

("MERS") in Connecticut Superior Court in September 2007.   On July 15, 2009, Jonathan Bell,

Sonja Bell′s husband, filed a motion to intervene; the motion was granted on July 20, 2009.   The

Bank filed a notice of withdrawal of the complaint on January 8, 2010 and on January 15, 2010 the

Bank filed a notice of withdrawal of the action with respect to the remaining defendants.   *See* doc.

# 18, Ex. C.   Sonja and Jonathan Bell (collectively "the Bells") filed an objection to the

withdrawals.   The Superior Court heard argument on the objection on January 29, 2010 and

reserved ruling pending clarification of a prior decision.   *See* doc. # 22, Att. A., Ex. B.   On March

4, 2010, Jonathan Bell filed a counterclaim in state court against the Bank.   The Bank initiated

removal of the proceedings on March 31, 2010 and on June 24, 2010, I granted the Bells' amended

motion to remand and ordered the clerk to close the file (doc. # 23).[1]   The remand was effected on

July 9, 2010.   Shortly thereafter, the Bells, *pro se*, filed a motion for sanctions and costs pursuant

to 28 U.S.C. § 1447(c) and Rule 11 of the Federal Rules of Civil Procedure (doc. # 24).   On July

28, 2010, I issued an order denying the motion for sanctions (doc. # 25).   The Bells have moved

---

[1] The Bank removed on the basis of diversity jurisdiction.   The Bank is incorporated in New York with its principal place of business the same.   The Bells are residents of Connecticut.

for reconsideration of that ruling (doc. # 26).   For the following reasons, the motion for

reconsideration of the order on motion for sanctions is denied.

## I.        Standard of Review

The standard for granting motions for reconsideration is strict; motions for reconsideration

"will generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked – matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court."   *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue

that has already been decided.   *Id.*   The three major grounds for granting a motion for

reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the

availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice.

*Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18

Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

## II.       Discussion

The Bells argue that I erred in three principal ways.   The Bells have not identified any

controlling law or particular fact that I overlooked in considering their claim for sanctions and costs

and I find that each of the three proffered grounds for reconsideration is nothing more than an

attempt to relitigate the underlying claim for sanctions and costs.   I address each argument in turn.

First, the Bells argue that I improperly construed their motion for sanctions as one filed

under Rule 11 of the Federal Rules of Civil Procedure.   The Bells maintain that, although titled a

motion for sanctions, the motion in fact sought only relief pursuant to section 1447(c), and was not

a motion for sanctions under the framework of Rule 11 of the Federal Rules of Civil Procedure.

2

They argue that the ruling denying sanctions for failure to comply with Rule 11(c) overlooked the actual relief sought and the basis for that relief.   The Bells overlook that I did consider their request for recoverable costs as set forth in section 1447(c) and denied the claim.   *See* doc. # 25 at 2 ("Although the Bells do not make a specific application for recovery under section 1447(c), a liberal reading of the motion indicates that the Bells seek, not only sanctions against the Bank, but also recovery of costs under the statute.").

Second, to the extent the Bells also claim that, in misunderstanding the basis of their claim for recoverable costs, I improperly found that I lacked the authority to direct the Connecticut Superior Court to award sanctions, the Bells have not identified any controlling law contrary to my ruling.   Indeed, the cases identified by the Bells in their motion for reconsideration set forth only that after remand a district court can require the payment of costs under section 1447(c) and if such a motion is granted, the aggrieved party shall then submit its claim for costs with the state court. The state court is then charged with determining the reasonableness of such an award.   For reasons discussed below, the Bells are not entitled to recovery under section 1447(c) and therefore no error can be found for failure to remand to state court the computation of sanctions or recoverable costs.

With respect to the Bells' contention that they did indeed incur recoverable costs, I first note that, although section 1447(c) permits me to require the payment of costs and actual expenses incurred as a result of the removal, cost recovery under section 1447(c) is tied to the expenses incurred by the aggrieved party.   I found that the *pro se* defendants did not incur out of pocket costs associated with the filing of responsive pleadings nor did they incur attorneys' fees because an attorney was not retained.   The Bells counter that they incurred attorneys' fees and costs associated with an April 29, 2010 state court hearing and other state court proceedings and filings, and that they incurred travel and postage costs associated with filing their responsive pleadings in this court.

3

The Bells have not identified, nor have I found any controlling law that permits a federal district court to award costs associated with an ongoing state court action.   Furthermore, with respect to any costs that the Bells have incurred in this court, even if the Bells had demonstrated by way of an affidavit that they incurred such costs, it is well-settled that *pro se* litigants, such as the defendants in this case, are not entitled to fee awards or litigation expenses authorized by fee-shifting statutes such as section 1447(c).   *See Kay v. Ehrler,* 499 U.S. 432, 435 (1991); *Hawkins v. 1115 Legal Service Care,* 163 F.3d 684, 695 (2d Cir. 1998); *see, e.g., Clarke v. Parkinson,* 225 F. Supp. 2d 345, 355 (S.D.N.Y. 2002) ("Where an individual litigant elects to undertake legal research, or factual research, or other case-related tasks, even in order to save counsel fees, the litigant should not expect to have the costs of his or her efforts included in any determination of litigation expenses.").

## III.    Conclusion

For the reasons set forth above, the motion for reconsideration of the order denying the motion for sanctions and recoverable costs is denied.

It is so ordered.

Dated at Bridgeport this 14th day of January 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge